**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 20, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41365
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BENITO VASQUEZ-DE LA VEGA,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-553-ALL
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Benito Vasquez-De La Vega ("Vasquez") pleaded guilty to

illegal reentry following deportation, a violation of 8 U.S.C.

§ 1326.  Vasquez raises two issues that he concedes are

foreclosed, but he seeks to preserve them for further review.

     Vasquez first argues that his prior conviction for

possession of a controlled substance is not an aggravated felony

under U.S.S.G. § 2L1.2(b)(1)(C) (November 1, 2001).  This

argument is foreclosed by our decision in United States v.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Caicedo-Cuero, 312 F.3d 697, 705-11 (5th Cir. 2002), cert. denied, 123 S. Ct. 1948 (2003).

Vasquez also argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) & (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Vasquez's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.